**Donald P. WORTHINGTON and Judith L. Worthington, h/w and James D. Worthington and Ethel Worthington, h/w, Appellants,**

v.

**The ZONING HEARING BOARD OF NEW BRITAIN TOWNSHIP and Dale F. James and Kathleen M. James, h/w and New Britain Township.**

Commonwealth Court of Pennsylvania.

Argued Oct. 19, 1995.

Decided Jan. 2, 1996.

City on appeal.

Jeffrey A. Drake, for appellants.

Burton Spear, for appellees.

Before SMITH and NEWMAN, JJ., and MIRARCHI, Senior Judge.

SMITH, Judge.

Daniel P. Worthington and his wife Judith L. Worthington, and James D. Worthington and his wife Ethel Worthington (the Worthingtons) appeal from an order of the Court of Common Pleas of Bucks County (trial court) that affirmed an order of the Zoning Hearing Board (Board) of New Britain Township (Township) that granted Dale F. James and his wife Kathleen M. James (the Jameses) the following: a variance to locate a manager's residence within the 100–foot setback along New Galena Road; a variance to encroach upon the 100–foot setback along Route 313; and two variances from the minimum parking requirements. The Board, however, denied the Jameses' request for a variance to encroach upon the 100–foot setback along King Road.

The issues presented in this case are whether the facts establish a legal hardship justifying a variance to construct a manager's office within the required setback; whether the facts establish a legal hardship thereby justifying variances to reduce the number of parking spaces mandated by the zoning ordinance; whether, if any hardships do exist, they are purely economic or self-created, thereby requiring that the requests for variances be denied; and, if preserved for appeal, whether the facts establish a legal hardship justifying a variance to encroach the setback requirements along King Road.

Since 1985, the Jameses have owned a 4.56–acre lot located on the west side of Route 313 between New Galena and King Roads in the Township. This lot, identified as Tax Map Parcel No. 26–4–72 (Lot 72), is located in an HZ–2 (Holding Zone 2) zoning district of the Township.[1] The Jameses built ten "mini-warehouse" structures on Lot 72. In March or April 1992 the Jameses acquired the 0.95–acre adjacent lot at the corner of King Road and Route 313, identified as Tax Map Parcel No. 26–4–72–1 (Lot 72–1), at a sheriff's sale for $82,000, in order to expand their mini-warehouse operation.

The Jameses subsequently filed an application with the Board to combine the two lots into one 5.5–acre parcel. The Jameses proposed to remove four existing structures on Lot 72–1 and to expand their mini-warehouse use by adding an additional 23,750 square feet of storage space to their existing 26,450 square feet, as well as a manager's residence/office. To accomplish the full proposed expansion, the Jameses needed five variances: a dimensional variance to build mini-warehouses within the 100–foot setback along King Road; (2) a dimensional variance to build a manager's residence within the

---

1. This is a nonresidential district whose purpose is to hold land at low intensity use until services are provided. Mini-warehouses are a specifically permitted conditional use in the HZ–2 zoning district.

100–foot setback along New Galena road; (3) a dimensional variance to build within the 100–foot setback along Route 313; (4) a parking variance to reduce the number of required spaces from 25 to 14 with regard to the mini-warehouse use; and (5) a parking variance to reduce the number of required spaces from 6 to 5 for the manager's residence.

A hearing was held on the Jameses' application, and on January 27, 1993, the Board issued a decision granting the Jameses a variance to locate a manager's residence within the 100–foot setback along New Galena Road, a variance to encroach upon the 100–foot setback along Route 313 and the two parking variances they had requested. The Worthingtons, neighboring property owners, appealed to the trial court, which remanded the case back to the Board for the taking of additional testimony. The Board subsequently reaffirmed its earlier decision and the trial court affirmed.

■ The Worthingtons, in their appeal to this Court, challenge the Board's grant of a variance permitting the Jameses to build a manager's residence within the 100–foot setback along New Galena Road and parking variances.[2] The Worthingtons contend that the facts in this case do not establish a legal hardship entitling the Jameses to either a variance from the 100–foot setback along New Galena Road or variances from the parking requirements of the zoning ordinance. Where, as here, no additional evidence is presented to the trial court, this Court's scope of review is limited to determining whether the Board committed an error of law or an abuse of discretion. *Laurento v. Zoning Hearing Board of the Borough of West Chester*, 162 Pa.Cmwlth. 226, 638 A.2d 437 (1994).

■ A party seeking a zoning variance bears a heavy burden; variances should be granted sparingly and only under exceptional circumstances. *Appeal of Lester M. Prange,*

*Inc.*, 166 Pa.Cmwlth. 626, 647 A.2d 279 (1994). In *Laurento* the Court reiterated the five findings a zoning hearing board must make before granting a variance, as required by Section 910.2 of the Pennsylvania Municipalities Planning Code (MPC):[3]

> In order to qualify for a variance, an applicant must establish that (1) an unnecessary hardship stemming from unique physical circumstances or conditions of the property will result if the variance is denied; (2) because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and a variance is necessary to enable the reasonable use of the property; (3) the hardship has not been created by the applicant; (4) granting the variance will not alter the essential character of the neighborhood nor be detrimental to the public welfare; and (5) the variance sought is the minimum variance that will afford relief.

*Laurento*, 638 A.2d at 439. The Court further noted in *Laurento* that in order for an applicant to demonstrate an unnecessary hardship, he or she must prove that either:

> (1) the physical characteristics of the property are such that it could not in any case be used for any permitted purpose or that it could only be arranged for such purposes at prohibitive expense, or (2) the characteristics of the property are such that the lot has either no value or only distress value for any purpose permitted by the ordinance.... The applicant must show that the hardship is unique or peculiar to the property as distinguished from a hardship arising from the impact of zoning regulations on the entire district.

*Id.*

■ In the present case, the Board found that as a result of the Jameses' acquisition of Lot 72–1, the subject property was now

---

**2.** The Worthingtons did not challenge the grant of the de minimis variance permitting one mini-warehouse to encroach slightly upon the 100–foot setback along Route 313. As a result, it is not a subject of this appeal.

**3.** Act of July 31, 1968, P.L. 805, *as amended,* added by Section 89 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2. Section 1004(c) of the Township's zoning ordinance also requires proof of unique circumstances and unnecessary hardship.

bounded on three sides by public roads and that the Jameses also had proposed to donate to the Township a 50–foot right-of-way to construct a public road on the fourth side. The Board then determined that these conditions constitute such unique circumstances as to entitle the Jameses to variances permitting them to build an office/residence within the New Galena Road setback and further authorizing them to reduce the number of required parking spaces.

This Court notes that it is undisputed by the parties that the subject property has in fact been fully developed by the Jameses in that they have constructed ten mini-warehouses on it. Further, the record indicates that there is ample suitable land on the subject property to build a manager's residence as well as the requisite number of parking spaces required by the zoning ordinance. Specifically, with regard to the proposed manager's residence/office, George Donovan, an architect and the Jameses' expert witness, admitted on cross-examination that there was room to put a manager's residence on the property without violating the setbacks. With regard to the parking requirements, the Jameses did not present evidence that there was not enough room for the required number of spaces but instead presented evidence that the required number of spaces simply were not needed. This evidence is insufficient to establish the requisite "unnecessary hardship," as required by Section 910.2 of the MPC, to justify the grant of either the dimensional or the parking variances. *Laurento.*

In view of the foregoing, this Court holds that the Board erred in granting the Jameses a variance to build a manager's residence within the 100–foot setback along New Galena Road and that the Board similarly erred in granting the Jameses the parking variances for the manager's residence and the mini-warehouses. Having determined that the Jameses failed to establish the requisite legal hardship, this Court need not address the Worthington's alternative contention that any existing hardship is purely economic or self-created.

The trial court's order is reversed insofar as it affirmed the Board's grant of a variance to encroach upon the New Galena Road setback to build a manager's residence and the Board's grant of the parking variances. The portion of trial court's order that affirmed the Board's denial of a variance to permit the Jameses to encroach upon the King Road setback is affirmed.[4]

### ORDER

AND NOW, this 2nd day of January, 1996, the order of the Court of Common Pleas of Bucks County is reversed regarding both the Zoning Hearing Board's grant of a variance to construct a manager's residence/office within the 100–foot setback along New Galena Road and the Board's grant of parking variances. The order is otherwise affirmed.

This decision was reached before the resignation of Judge NEWMAN.

---

4. The Jameses have neither appealed nor cross-appealed from the trial court's order. Further, a review of the Jameses' brief reveals no challenge to the trial court's affirmance of the Board.